A-RIGHT PLUMBING, SEWER AND WATER MAIN
COMPANY, LLC *v.* AQUARION OPERATING
SERVICES COMPANY ET AL.
(SC 17805)

Borden, Norcott, Palmer, Vertefeuille and Sullivan, Js.

Argued April 13—officially released May 29, 2007

*John R. Williams,* for the appellant (plaintiff).

*Michael P. Shea,* with whom, on the brief, was *Howard Fetner,* for the appellees (named defendant et al.).

*Elizabeth J. Stewart,* with whom were *Dena M. Castricone, Matthew Van Dusen* and, on the brief, *Luigi Spadafora,* for the appellee (defendant South Central Connecticut Regional Water Authority).

*Opinion*

PER CURIAM. The plaintiff, A-Right Plumbing, Sewer and Water Main Company, LLC, appeals from the summary judgment of the trial court[1] in favor of the defendants, Aquarion Operating Services Company, Aquarion Water Company of Connecticut and South Central Con-

---

[1] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

necticut Regional Water Authority. The plaintiff claims that the trial court improperly rendered summary judgment for the defendants because there is a question of fact that could not be determined on summary judgment. See Practice Book § 17-49. We affirm the judgment of the trial court.

The plaintiff, a plumbing contractor that repairs sewer and water lines, brought this action against the defendants, which operate repair programs through which consumers can, for a fixed annual fee, purchase in advance plans for the repair and replacement of water and sewer pipes, alleging violations of General Statutes § 42-110b (a)[2] of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The defendants moved for summary judgment. After submission of the papers and oral argument, the trial court issued a thorough and thoughtful memorandum of decision and granted the defendants' motions. This appeal followed.

The plaintiff's sole claim on appeal is that the trial court improperly rendered summary judgment because there is a question of fact regarding whether the defendants had engaged in deceptive acts or practices in violation of CUTPA. The fatal flaw in this claim, as the trial court determined and as the defendants contend in this court, is that the plaintiff never raised a claim of deceptive acts or practices as a basis for the alleged CUTPA violation in the trial court. The plaintiff's complaint does not allege deception and, as the plaintiff conceded at oral argument before this court, the plaintiff, in oral argument before the trial court on the summary judgment motion, explicitly disavowed any claim of deception. We therefore decline to address the plaintiff's claim on appeal.

The judgment is affirmed.

[2] General Statutes § 42-110b (a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."